IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT LEE REICH,<br><br>Plaintiff,<br><br>vs.<br><br>DETENTION OFFICER JOHN SULLIVAN, CHIEF MARK JOHNSON, CAPTAIN RAY VAUGHN, and THE CITY AND COUNTY OF BUTTE-SILVER BOW,<br><br>Defendants. | CV 24–52–BU–DWM<br><br>OPINION<br>and ORDER |

In June 2024, Plaintiff Robert Reich, a state inmate proceeding without counsel, filed a civil rights complaint under 42 U.S.C. § 1983, alleging his constitutional rights were violated when he was not provided with toothpaste at the Butte-Silver Bow Detention Center for more than seven weeks. (Doc. 1.) Defendants Detention Officer John Sullivan, Chief Mark Johnson, and Captain Ray Vaughn were ordered to answer,[1] (*see* Doc. 9), and now seek to dismiss Reich's complaint for failure to state a claim under Rule 12(b)(6) of the Federal

---

[1] Reich subsequently requested to amend to add Butte-Silver Bow City and County. (*See* Doc. 15.) Because that request was timely, *see* Fed. R. Civ. P. 15(a)(1), it is granted. However, Reich's attempts to amend his complaint through an Amended Information, (Doc. 11); Notice of Updated Information, (Doc. 16); and Motion for Notice of Retaliation, (Doc. 34), are denied.

1

Rules of Civil Procedure, (Doc. 17). With limited exception, that motion is denied.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). While pro se complaints are construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), "a liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint," *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). While courts should generally permit pro se litigants an opportunity to amend their complaint to state a plausible claim, *see United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.") (internal

2

quotation marks omitted), "[c]ourts are not required to grant leave to amend if a complaint lacks merit entirely," *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The facts are taken from Reich's Complaint, (*see* Doc. 1), and are assumed to be true and construed in the light most favorable to him, *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021).

## ANALYSIS

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted).

Defendants argue that: (1) Reich's Eighth Amendment claim fails as a matter of law because he was a pretrial detainee, not a convicted prisoner; (2) he does not allege a policy, practice, or custom as the moving force behind any of the claimed constitutional violations; (3) he cannot pursue punitive damages or have his bail reduced; and (4) his claims fail under the Fourteenth Amendment as well. Defendants are correct as to (3); at this stage of the proceeding, their other

arguments lack merit.

## I. Eighth Amendment

Defendants first argue that Reich's claims regarding a lack of toothpaste cannot proceed under the Eighth Amendment because he was a pretrial detainee at the time of the alleged deprivation, not a convicted prisoner. Indeed, the conditions of confinement in the pretrial detainee context are evaluated under the Fourteenth Amendment Due Process Clause, not the Eighth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018); *see Norbert v. City & Cnty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021). But it would elevate form over substance to dismiss a pro se prisoner's complaint for merely citing the incorrect constitutional provision. As recognized by Defendants in their briefing, the gravamen of Reich's complaint—Defendants' failure to provide constitutionally adequate conditions of confinement through the provision of toothpaste to inmates—is sufficiently pled. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, while he cannot proceed under the Eighth Amendment, Reich's claim survives this challenge.

## II. Policy, Practice, or Custom

Defendants further argue that Reich cannot proceed in his claims against the County and City or against any of the individual defendants in their official

capacities because a finding of municipal liability requires one of the following: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). This challenge fails for two reasons. First, while Reich checked the "official capacity" boxes on the complaint form provided by the Court, (*see* Doc. 1 at 2–3), the capacity in which a defendant is sued in the civil rights context is a complicated matter. Rather than look solely to this "check box," the Court, like Defendants' themselves, considers the nature of the factual allegations contained therein. As recognized by Defendants, the substance of Reich's pleadings specifically identifies the alleged individual culpability of Johnson and Vaughn. (*Id.* at 5, 7.) Additionally, Reich indicates that he first grieved the issue to Sullivan, who informed him that the toothpaste may have been ordered and that Johnson and Vaughn were unavailable. (*See id.* at 7; *see* Doc. 4.)[2]

Second, Reich has alleged that the entire facility was denied toothpaste for an extended period of time, starting in April 2024 and lasting through at least the filing of this lawsuit in June 2024. (*See id.* at 4–5.) While discovery may reveal

---

[2] While these supplemental documents were filed separately from and after the Complaint, they are referenced therein. (*See* Doc. 1 at 8 ("See attched [sic] kites, grievance, appeal.").)

5

that the sheriff was not aware of the toothpaste shortage or that the facility had no policies governing hygiene products or supply, Reich has alleged a sufficiently pervasive practice so as to survive the pleading stage.

Accordingly, Reich has adequately pled claims against both the entity defendant and the individual defendants in both their official and individual capacities.

## III. Relief Requested

In his Complaint, Reich requests punitive damages in the amount of $150,000 and that his bail be reduced. (Doc. 1 at 5.) Defendants are correct that Reich cannot get punitive damages against the City or County, *see Hofschneider v. City of Vancouver*, 182 F. Supp. 3d 1145, 1155 (W.D. Wash. 2016) ("A municipality is immune from punitive damages."), and that he cannot challenge his bail through § 1983, *see Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011) (explaining that habeas is the "exclusive remedy" for inmates seeking "immediate or speedier release" from confinement based on a violation of their constitutional rights). However, Reich also states that he suffered physical injuries as a result of not being able to brush his teeth as well as general damages in the form of pain and suffering. (*See* Doc. 1 at 5.) Such injuries are compensable under § 1983.

## IV. Fourteenth Amendment Claim

Finally, in the context of whether Reich should be permitted to amend,

6

Defendants address the fundamental premise of Reich's claim: has he adequately pled that his due process rights were violated through Defendants' failure to provide him with toothpaste over a sustained period? The answer is yes. The Due Process Clause requires that pretrial detainees be provided with adequate food, clothing, shelter, sanitation, and medical care. *See Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (addressing outdoor exercise). To prove a due process violation based on the conditions of confinement, a plaintiff mush show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. The deprivation of basic hygiene items, such as toothpaste, can be considered a constitutional violation if it results in significant harm or poses a substantial risk of serious harm. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("Dental care is one of the most important medical needs of inmates."). The failure to provide such care may result in serious dental problems such as cavities and/or tooth decay. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serous medical condition because of pain and the risk of infection."); *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) ("[B]ecause a tooth cavity will degenerate with

7

increasingly serious implications if neglected over a sufficient time, it presents a 'serious medical need' within the meaning of our case law.").

Here, Reich claims that Defendants failed to provide him with any toothpaste for months despite repeated requests. (*See* Doc. 1 at 5.) And that, as result, he has experienced tooth aches and had to use shampoo to clean his teeth, causing stomach pain and heart burn. (*See id.* at 5, 12–13.) To the extent Defendants argue that they provided an alternative such as baking soda, *see Lipsey v. Medina*, 2019 WL 6894389, at *3 (E.D. Cal. Dec. 18, 2019), or that "the greatest benefit of tooth-brushing comes from the brush not the toothpaste," *Roshone v. Peters*, 2014 WL 4547031, at *4 (D. Or. Sept. 12, 2014) (internal quotation marks omitted), those arguments rely on facts beyond those contained in Reich's pleading. While Defendants are correct that Reich states he was told that toothpaste was on back order, potentially undermining a showing an intentional deprivation, (*see* Doc. 1 at 7), the mental state at issue is "more than negligence *but less than subjective intent*—something akin to reckless disregard." *See Gordon*, 888 F.3d at 1125 (emphasis added). Read as a whole, Reich's Complaint alleges that Defendants knew that inmates did not have toothpaste for an extended period of time and took no steps to remedy the issue. While Defendants characterize the problem as an "alleged temporary toothpaste outage," (Doc. 18 at 19), the pleadings and the briefing indicate an extended deprivation that Defendants believe

8

need not be remedied. Because Reich has claimed that the deprivation of toothpaste was intentional, posed a substantial risk of serious harm, and the responsible officials failed to take measures to abate the risk, he has adequately pled a Fourteenth Amendment claim against Defendants, both in their official and individual capacities.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Defendants' motion to dismiss (Doc. 17) is GRANTED in PART and DENIED in PART.

2. The motion is GRANTED as to Reich's request for punitive damages against the County or the Individual Defendants in their official capacities. It is also GRANTED insofar as Reich requests his bail be lowered.

3. The motion is DENIED in all other respects.

DATED this 10th day of January, 2025.

Donald W. Molloy, District Judge
United States District Court